IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 18-cv-03058-REB-MEH

JOSEPH A. LUCERO

Plaintiff

v.

NORTH AMERICAN RECOVERY,
d/b/a N.A.R.

Defendants

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)**

The Defendant, North American Recovery ("Defendant" or "NAR"), by and through its undersigned counsel FOSTER GRAHAM MILSTEIN & CALISHER LLP, hereby submits the following Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6):

**I.    INTRODUCTION**

Plaintiff Joseph A. Lucero ("Lucero") alleges that NAR sent him four collection letters related to debts Lucero owes to Emergency Physicians at Porter Hospital ("Porter"). *Complaint,* Doc. No. 1, at ¶¶ 9-11. The collection letters contain various columns relating to the principal amount owed, interest, fees, and the total balance. *Id,* at ¶¶ 12-13.[1] Three of letters state that the amount owed for "Fees" is "0.00." *Id.,* at ¶¶ 14-15. Lucero contends that, even though these letters state that the amount owed for "Fees" is "0.00," the mere presence of the "Fee" column is

---

[1]    Lucero did not attach the letters to the Complaint. The relevant sections of the letters which Lucero claims violate the FDCPA are included in the Complaint. *See, Complaint,* at ¶¶ 12-13.

deceptive because "it alluded to the possibility that Defendant could add additional fees on three of the subject debts…." where, Lucero alleges, no such right existed to collect fees. *Id.* Therefore, Lucero claims that the letters are false, misleading, deceptive, unfair, and unconscionable in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"). *Id.,* at ¶¶ 23-28.

Lucero's Complaint should be dismissed in its entirety because the inclusion of a fee column with a zero balance does not violate the FDCPA as a matter of law. As various courts have concluded in virtually identical cases, even the "least sophisticated consumer" would not be materially misled by the itemization of a charge with a zero balance.

## II. STANDARD OF REVIEW

A party may move to dismiss a complaint when there is a failure "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In ruling upon a motion to dismiss pursuant to Rule 12(b)(6), the Court inquires "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544)). A plaintiff bears the burden "to frame 'a complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief…." and "'[f]actual allegations must be enough to raise a right to relief above the speculation level.'" *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting *Twombly,* 127 S.Ct. at 1965). Accordingly, the allegations "must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins,* 519 F.3d at 1247.

In order to prevail on his claims under the FDCPA, Lucero has the burden to establish: (i) he is a "consumer" as defined in 15 U.S.C. §1692a(3); (ii) that NAR is a "debt collector" as defined in 15 U.S.C. §1692a(6); and (iii) the NAR engaged acts or omission in violation of the FDCPA. *Morgan v. Credit Adjustment Board, Inc.*, 999 F. Supp. 803, 805 (E.D. Va. 1998).

Lucero asserts violations of Sections 1692e and 1692f of the FDCPA. *Complaint,* ¶¶ 23-28. Section 1692e provides: "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e provides non-exclusive examples of what amounts to a violation of the provision. *See*, 15 U.S.C. § 1692e (1)-(16). Section 1692f provides: "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. This provision also provides non-exclusive examples of what may be deemed unfair or unconscionable. *See*, 15 U.S.C. § 1692f (1)-(8).

With respect to collection letters which are alleged to be false, deceptive, misleading, unfair, or unconscionable courts generally apply the "least sophisticated consumer." *Cloman v. Jackson,* 988 F.2d 1314, 1318 (2nd Cir. 1993); *see, also, Ferree v. Marianos,* 129 F.3d 130, 1997 WL 687693, *1 (10th Cir. Nov. 3, 1997)(applying "objective standard" determined by how the "least sophisticated consumer" would interpret a notice). However, the standard preserves a quotient of reasonableness and debt collectors should not be held liable for "unreasonable misinterpretations." *Colman,* 988 F.2d at 1319. The standard presumes that the least sophisticated consumer has some "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences." *Whal v. Midland Credit Mgmt..,  Inc.,* 556 F.3d 643, 645-46 (7th Cir. 2009)(quoting *Petit v. Retrieval Masters Creditors Bureau, Inc.,* 211 F.3d 1057, 1060 (7th Cir. 2000)).

Further, not all technically "false" statements are actionable under the FDCPA. In order to be actionable, alleged false, confusing, or misleading statements must be found to be "materially" false. *See, e.g., Maynard v. Cannon,* 401 Fed. App'x 389, 397 (10th Cir.2010)("The FDCPA does not result in liability for every statement later alleged to be inaccurate, no matter how small or ultimately harmless."); *Donahue v. Quick Collect, Inc.,* 592 F.3d 1027, 1033 (9th Cir. 2010)(holding "false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f."); *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009)("Materiality is an ordinary element of any federal claim based on a false or misleading statement.")(citations omitted).

### III. ARGUMENT

For purposes of this motion, NAR admits that Lucero can satisfy that he is a consumer and that NAR acted as a debt collector with respect to the letters it sent Lucero. However, Lucero's contention that NAR violated the FDCPA fails as a matter of law.

Lucero claims that he fell behind on his scheduled payments to Porter and that he subsequently received four collection letters from NAR. *Complaint,* at ¶¶ 9-10. All four letters included columns related to the amount owed, interest, "fees," and the "total" owed on the account. *Id.,* at ¶¶ 12-13. One of the letters included a charge for "fees." *Id.,* at ¶ 12. The remaining three letters state that the amount owed for "fees" is "0.00." *Id.,* at ¶ 13. Lucero contends that the inclusion of a fee column stating a balance of "0.00" is false, deceptive, misleading, unfair and unconscionable in violation of the FDCPA. *Complaint,* at ¶¶ 25-28. Notwithstanding the fact that the three letters state the amount owed for fees is "0.00," Lucero contends that the mere inclusion of a column for "fees" in the letters "deceptively alluded to the

4

possibility that Defendant could tack on additional fees if Plaintiff did not address the subject debts." *Id.,* at ¶ 25.

Lucero's claims fail because even the least sophisticated consumer would not be misled or deceived by the letters' inclusion of a column reflecting that "0.00" is owed in fees. Lucero's theory of liability has been rejected by several courts which have considered virtually identical allegations. For example, in *Jones v. Professional Finance Company,* 2017 WL 6033547 (S.D. Fla. Dec. 4, 2017)(slip copy), the district court rejected plaintiff's contention that a letter with a fee charge with a balance of "0.00" is not false, misleading or deceptive in violation under the FDCPA, noting:

> Even the least sophisticated consumer would not be misled or deceived by the Collection Letter. Plaintiff cannot state a violation of the FDCPA, or the FCCPA. First, the Collection Letter does not falsely state that there are fees associated with Plaintiff's debt. **It specifically shows there are no fees associated with the debt; that is the ordinary meaning of 0.00— none, zilch, nada**.

*Id.,* at *2 (citations omitted)(emphasis added).

Other district courts have similarly found that the itemization of amounts listed as "0.00" in collection letters do not violate the FDCPA. In *Dick v. Enhanced Recovery Company, LLC,* 2016 WL 5678556 (E.D.N.Y. Sept. 2016)(unpublished), the debt collector sent the plaintiff a letter which included the total amount the plaintiff was alleged to have owed, the interest accrued on the account, and "Non-Interest Charges & Fees," which was stated to amount to "$0.00." *Id.,* at *1. Similar to this case, the plaintiff in *Dick* alleged that the inclusion of a line for "Non-Interest Charges & Fees" stating the amount owed was "$0.00" could cause a consumer "to believe that he or she might be liable for such fees in the future," and that the inclusion the

itemization "'falsely impl[ies] that the creditor is entitled to receive a collection fee.'" *Id.* (internal brackets in original). The court rejected the plaintiff's argument, stating:

> ERC's representations were not false, deceptive, or misleading. The language in the Letter in unambiguous. On the left side of the Letter, ERC writes, "Amount of Debt: $258.88." (Compl. at 8.) On the right side of the Letter, ERC provides a list demonstrating the breakdown of that amount, including, "Original Balance: $258.88" and "Non-interest Charges & Fees: $0.00."…….
>
> Dick argues that the language of the Letter could imply a future imposition of non-interest charges and fees. However, such an interpretation contravenes the plain language of the Letter, which clearly sets forth the total amount of the debt and further provides an accounting of that debt. The Letter does not leave Dick, or the least sophisticated consumer, in doubt of the nature and legal status of the underlying debt; nor does it impede the consumer's ability to respond to or dispute collection…

*Id.,* at *4 (citations omitted).

Finally, in *Delgado v. Client Services, Inc.,* 2018 WL 1193741 (N.D.Il. March 7, 2018)(slip copy), the letter at issue included separate columns for "interest" and "other charges," both of which stated that the amount owed such charges was "0.00." *Id.,* at *1. The court rejected the plaintiff's contention that the fact that "interest" and "other charges" were itemized implied that "interest" and "other charges" would be assessed in the future if the consumer did not pay the debt, and therefore was false, misleading, and deceptive pursuant to section 1692e of the FDCPA. *Id.,* at *2. As the court noted:

> Delgado has not successfully alleged that the Letter is false, misleading, or deceptive. The language in the Letter is clear. It displays the amount due at the top, and includes an itemization in the body of the letter, including "Interest: 0.00" and "Other Charges: 0.00." Doc. 33-1, Ex. B. Rather than making a false, misleading, or deceptive statement, the letter sets forth the amount due and provides an accounting of that amount, making it explicit that no part of the amount due includes interest or other charges……

*Id.,* at *3. The court in *Delgado* also noted that to find otherwise would put debt collectors "between a rock and a hard place, where they cannot simply list the amount owed, for fear of

being misleading, but likewise, cannot breakdown the amount into categories either, for fear of being misleading. Debt collectors would be damned if they do and damned if they don't. This is clearly not what Congress intended the FDCPA to do...." *Id.*

In this case, this Court should similarly find that the reference to a fee in the amount of "0.00" is not, as a mater of law, materially false, deceptive, misleading, unfair, or unconscionable under the FDCPA.

**WHEREFORE,** for the reasons set forth herein, NAR respectfully requests that the Court dismiss Plaintiff's Complaint, with prejudice, and award NAR its reasonable attorneys' fees and costs in this action. NAR also requests such additional relief as the Court deems appropriate.

Respectfully submitted this 27th day of December, 2018.

        FOSTER GRAHAM MILSTEIN
         & CALISHER, LLP

        */s/ Steven J. Wienczkowski*
        Steven J. Wienczkowski
        360 S. Garfield Street, 6th Floor
        Denver, Colorado 80209
        Phone: 303-333-9810
        E-mail: swienczkowski@fostergraham.com
        *Attorneys for Defendant North American Recovery.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

nvolheim@sulaimanlaw.com

> */s/ Steven J. Wienczkowski*
> Steven J. Wienczkowski