**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No.:  1:18-cv-03058-REB-GPG

Joseph A. Lucero,

    Plaintiff,

v.

North American Recovery d/b/a N.A.R.,

    Defendant.

---

**SCHEDULING ORDER**

---

### 1. DATE OF CONFERENCE AND APPEARANCE OF COUNSEL

The Scheduling Conference is scheduled for January 28, 2019 at 10:30 a.m.

**Appearing for Plaintiff, Joseph A. Lucero :** Nathan C. Volheim, Sulaiman Law Group, Ltd. 2500 South Highland Ave., Suite 200 Lombard, Illinois 60148, Telephone (630) 568-3056.

**Appearing for Defendant, North American Recovery,** Steven J. Wienczkowski, Foster, Graham, Milstein & Calisher, LLP, 360 S. Garfield St., Suite 600, Denver, CO 80209, Telephone: (303) 333-9810.

### 2. STATEMENT OF JURISDICTION

This court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claims were brought under two federal statutes, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").  This court has personal jurisdiction over this matter because Plaintiff is a resident of Colorado, and Defendant conducts business within the state of

{00656573.DOC / 1 }                                                  1

Colorado, and a significant amount of the underlying events alleged in the Complaint occurred within Colorado.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff's statement**:

Plaintiff's Complaint (Dkt. 1) alleges that Defendant violated 15 U.S.C. § 1692 *et seq.* of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff contends that Defendant sent him misleading and deceptive collection communications in violation of the FDCPA.

b. **Defendant's statement:**

As set forth in Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) ("Motion to Dismiss," Doc. No. 11), Defendant submits that its communications to Plaintiff were not false, deceptive, misleading, unfair or unconscionable as a matter of law. Specifically, Plaintiff contends that the reference in several letters to "fees" in the amount of "0.00" violated the FDCPA because it "deceptively alluded to the possibility that Defendant could tack on additional fees if Plaintiff did not address the subject debts." *Complaint,* at ¶ 25. Defendant submits that even the least sophisticated consumer would not be misled or deceived by the inclusion of a column referencing "fees" in the amount of "0.00." Accordingly, Defendant requests that the Court dismiss Plaintiff's Complaint, with prejudice, as detailed in Defendant's Motion to Dismiss.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

a. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

b. Venue is proper in the District of Colorado.

   c.  Defendant is a debt collector as defined by §1692a(6) of the FDCPA.

   d.  The subject debt is a "debt" as defined by §1692a(5) of the FDCPA.

   e.  Defendant sent Plaintiff's a series of collection letters seeking collection of defaulted medical debt.

## 5. COMPUTATION OF DAMAGES

Plaintiff seeks statutory damages of up to $1,000.00 under the FDCPA. Additionally, he seeks payment of his actual damages and reasonable attorney fees and costs, in amounts to be determined, under the FDCPA

## 6. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER Fed. R. Civ. P. 26(f)

   **a.**  **Date of Rule 26(f) Meeting:** January 7, 2019.

   **b.**  **Names of each participant and each party represented:**

      Counsel for Plaintiff: Nathan C. Volheim

      Counsel for Defendant: Steve J. Wienczkowski

   **c.**  **Statement as to when Rule 26(a)(1) disclosures were made or will be made:**

      Disclosures will be made by January 24, 2019.

   **d.**  **Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1).**

      The parties do not propose any changes to the timing or requirement of disclosures at this time.

   **e.**  **Statement concerning any agreements to conduct informal discovery:**

The parties have not agreed to make any documents available without the need for a formal request for production at this time.

f.  **Statement concerning any other agreements or proposals to reduce discovery and other litigation costs:**

The parties agree to use consecutive deposition exhibit numbers and to use those same deposition exhibit numbers as trial exhibit numbers.

g.  **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: if each party has relevant electronically stored information, it will all be subject to disclosure and/or discovery. The parties expect to exchange all relevant documents in Portable Document Format (PDF).

h.  **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

Plaintiff has tendered a settlement demand to Defendant.

### 7.  CONSENT

The parties have not consented to the exercise of jurisdiction of a U.S. Magistrate Judge.

### 8.  DISCOVERY LIMITATIONS

a.  **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties agree to limit the number of depositions to five (5) depositions for each side including experts, and the number of interrogatories to twenty (25) for each side.

    **b. Limitations which any party proposes on the length of depositions.**

    Depositions are to be limited to seven (7) hours per deposition.

    **c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

    The parties agree to limit the number of Requests for Production to twenty (25) per side and the number of Requests for Admission to twenty (25) per side.

    **d. Other Planning or Discovery Orders**

    No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.L.Civ.R. 7.1(a). If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Mix regarding the issue. Both of these steps must be completed before any contested discovery motions are filed with the Court.

### 9. CASE PLAN AND SCHEDULE

    **a. Deadline to Amend Pleadings**

    February 27, 2019.

    **b. Discovery Cut-off**

    June 29, 2019.

    **c. Dispositive Motion Deadline**

    July 28, 2019.

    **d. Expert Witness Disclosure**

    1.    The parties shall identify anticipated fields of expert testimony, if any.

    Defendant does not anticipate the need for expert testimony at this time but reserves the right to endorse an expert as applicable.

2. Limitations which the parties propose on the use or number of expert witnesses.

The parties propose to limit the number of expert witnesses to two per side, including rebuttal experts.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

May 15, 2019.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

May 29, 2019.

e. **Identification of Persons to Be Deposed**

Plaintiff: Corporate representative of Defendant, any person identified in Defendant's Rule 26(a)(1) Initial Disclosures, and persons disclosed through the course of discovery or further investigation.

Defendant: Plaintiff and any individuals identified by Plaintiff in his Rule 26(a)(1) disclosures.

f. **Deadlines for Interrogatories**

Interrogatories will be served by April 29, 2019.

g. **Deadline for Requests for Production and Admissions**

Requests for Production and Admissions will be served by April 29, 2019.

## 10. DATES FOR FURTHER CONFERENCES

    a.    Status conferences will be held in this case at the following dates and times:

May 20, 2019 at 10:45 a.m., telephone pre-approved.

Additionally, a pre-trial conference is set before the Magistrate Judge (telephone pre-approved) on October 28, 2019 at 10 a.m.  The pre-trial order Shall be submitted no later than seven (7) days prior to this hearing.

    b.    A final pretrial conference will be held in this case on 11/13/19 at o'clock 10 a m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING ISSUES

a. Identify those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement

None.

b. Anticipated length of trial and whether trial is to the court or jury.

    Jury trial is set for 12/2 and 3/2019 at 8:30 a.m.

The parties anticipate the trial will be complete in one to two days before a jury.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at at 212 N. Watsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.s. Courthouse/FederalBuilding, 103 Sheppard Drive, Durango, Colorado.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

**The parties shall comply, now and throughout the pendency of this action, with the practice standards of the Honorable Robert E. Blackburn which can be found at www.cod.uscourts.gov.**

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the U.S. Magistrate Judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the U.S. Magistrate Judge assigned to this case.

### 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this 28 day of January, 2019.

BY THE COURT:

_____
Hon. Gordon P. Gallagher
Magistrate Judge
United States District Court

*/s/ Nathan C. Volheim*

Nathan C. Volheim
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
Telephone: (630) 568-3056
nvolheim@sulaimanlaw.com
Attorney for Plaintiff

FOSTER GRAHAM MILSTEIN
 & CALISHER, LLP

*/s/ Steven J. Wienczkowski*
Steven J. Wienczkowski
360 S. Garfield Street, 6th Floor
Denver, Colorado 80209
Phone: 303-333-9810
E-mail:
swienczkowski@fostergraham.com
*Attorneys for Defendant North American Recovery.*