**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-03058-REB-GPG

JOSEPH A. LUCERO,

    Plaintiff,

v.

NORTH AMERICAN RECOVERY
d/b/a N.A.R.,

    Defendant.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

NOW COMES Joseph A. Lucero ("Plaintiff"), by and through his counsel, Sulaiman Law Group, Ltd., and pursuant to Fed. R. Civ. P. 15(a)(2), respectfully bringing this Motion for Leave to File First Amended Complaint, and in support thereof, states as follows:

1. On November 29, 2018, Plaintiff filed his complaint seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA"). [Dkt. #1].

2. On December 27, 2018, Defendant filed a 12(b)(6) Motion to Dismiss Plaintiff's complaint. [Dkt. 11]. On December 28, 2018, Defendant filed a Memorandum regarding its previously filed Motion to Dismiss. [Dkt. 12].

3. On January 17, 2019, Plaintiff filed its Response to Defendant's Motion to Dismiss. [Dkt. 18].

4. After seeking and being granted an extension to file its Reply, Defendant filed its Reply to Plaintiff's Response on February 11, 2019. [Dkt. 25].

5. Prior to Defendant filings its Reply, on January 28, 2019, Plaintiff's counsel reached out to Defendant's counsel, during which Defendant was advised of Plaintiff's intent to seek leave to amend the original complaint.

6. Plaintiff is seeking to amend his claims to allege additional violations of the FDCPA.

7. Specifically, Plaintiff's proposed Amended Complaint seeks to include claims under the FDCPA stemming from the fact that one of the collection letters Plaintiff received from Defendant, which serve as the basis of the original complaint, was sent in reference to a time-barred debt.

8. Plaintiff's counsel informed Defendant's counsel of the legal and factual basis for the proposed Amended Complaint on January 28, 2019 in an attempt to resolve the matter without further litigation. Defendant's counsel substantively responded to this information on February 14, 2019, during which time it became clear that resolution of this matter could not be obtained at that time.

9. Pursuant to Fed. R. Civ. Pro. 15(a)(2), a court should freely give a party leave to amend its pleading when justice requires. *Indep. Trust Corp. v. Steward Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012).

10. "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

11. Justice would be served if Plaintiff is granted leave to amend his complaint, as it would allow Plaintiff the opportunity to seek relief for the full extent of his injuries under the full

extent of claims available to him. The additional violations of the FDCPA sought to be added may be a proper subject for relief, in turn illustrating that Plaintiff ought to be afforded an opportunity to test these claims.

12.     Furthermore, no party will be prejudiced by the amendment nor will the amendment significantly delay the proceedings. Factually speaking, the additional purported FDCPA violations in Plaintiff's First Amended Complaint are similar to the original claims, in that all involve the nature of representations made in the collection letters sent by Defendant to Plaintiff. As such, the claims sought to be added in Plaintiff's First Amended Complaint would not require significantly additional discovery outside of that which was initially anticipated to be necessary at the outset of this litigation. Furthermore, the fact that Plaintiff is seeking to amend the complaint after Defendant's Motion to Dismiss has been fully briefed would not constitute prejudice to Defendant. The entirety of Plaintiff's original claims remain in the proposed Amended Complaint, and so it would not be significantly prejudicial for Defendant to re-purpose its previous briefing in any subsequently filed Motion to Dismiss Plaintiff's proposed Amended Complaint. As such, the only prejudice Defendant will suffer if Plaintiff is granted leave to amend his complaint is the general prejudice incumbent upon addressing violations of law, which is not the kind of prejudice contemplated as justifying denying leave to amend.

13.     Plaintiff's Motion for Leave is not brought for dilatory reasons or as the result of undue delay. This is Plaintiff's first request to amend his complaint, and the amendment is designed to allow Plaintiff to adjudicate the full extent of his claims stemming from the facts serving as the basis for the instant cause of action.

14. Pursuant to D.C. Colo. LCivR 7.1(a), Plaintiff's counsel conferred with Defendant's counsel to determine whether Defendant opposes the relief sought in the instant motion. Defendant advised that it is opposed to the relief sought in the instant motion.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order granting Plaintiff leave to file his First Amended Complaint.

Dated: February 20, 2019                      Respectfully submitted,

*/s/ Nathan C. Volheim*

Nathan C. Volheim, Esq. # 6302103
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8181 x113
Fax: (630) 575-8188
nvolheim@sulaimanlaw.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on February 20, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Colorado by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                */s/ Nathan C. Volheim*

                Nathan C. Volheim
                Sulaiman Law Group, Ltd.
                2500 S. Highland Avenue, Suite 200
                Lombard, Illinois 60148
                Phone (630) 575-8181 x113
                Fax: (630) 575-8188
                nvolheim@sulaimanlaw.com

                *Counsel for Plaintiff*